NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CITY OF TACOMA, a municipal corporation,

        Plaintiff - Appellee,

  v.

WESTERN METAL INDUSTRY PENSION FUND; BOARD OF TRUSTEES OF THE WESTERN METAL INDUSTRY PENSION FUND, as Administrator,

        Defendants - Appellants.

No. 25-4055

D.C. No.
2:24-cv-00099-JNW

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Jamal N. Whitehead, District Judge, Presiding

Submitted August 6, 2026[**]
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and CHRISTEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Western Metal Industry Pension Fund (the Plan) is a multiemployer pension plan under the Employee Retirement Income Security Act of 1974 (ERISA). The City of Tacoma (the City) was a contributing employer to the Plan but withdrew after its obligations under several collective-bargaining agreements ceased. In arbitration, the City challenged the Plan's calculation of its withdrawal liability, which used interest-rate assumptions published by the Pension Benefit Guaranty Corporation (PBGC). The arbitrator concluded that the actuary's use of the PBGC rates was improper because it did not reflect the experience of the Plan. The arbitrator ordered reassessment of the City's withdrawal liability using a 7% interest rate—the same rate the Plan used to calculate participating employers' minimum-funding contributions. The City then sought enforcement of the arbitrator's award in federal court. The district court granted summary judgment for the City, affirmed the arbitrator's award, and ordered recalculation of the City's withdrawal liability using a 7% interest rate. The Plan and its board of trustees appeal the district court's decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in granting the City's motion for summary judgment, affirming the arbitrator's award, and ordering recalculation of the City's withdrawal liability. The district court simply followed controlling precedent. *See GCIU-Emp. Ret. Fund v. MNG Enters., Inc.*, 51 F.4th 1092, 1098–1100 (9th Cir.

2022) (holding that use of the PBGC rates did not satisfy ERISA's requirement that withdrawal-liability assumptions reflect the "best estimate of anticipated experience under the plan" (quoting 29 U.S.C. § 1393(a)(1)). Because the PBGC rates were not based on the Plan's assets and did not account for any future experience of the Plan, the actuary's use of those rates was improper. *Id.*

Nor did the district court err in ordering the Plan to recalculate the City's withdrawal liability using a 7% interest rate—the Plan's minimum-funding interest rate. The Plan's actuary testified in her deposition that the 7% rate was "based on expected returns of the assets of the [P]lan," and the arbitrator found that the 7% rate "best reflect[ed] the anticipated experience under the [P]lan." The Plan has not rebutted the presumption that the arbitrator's factual findings were correct. *See* 29 U.S.C. § 1401(c) (requiring courts to presume that "findings of fact made by the arbitrator were correct," unless rebutted "by a clear preponderance of the evidence"). Moreover, the district court's decision correctly relied on *GCIU*, which upheld an arbitral decision ordering recalculation of withdrawal liability using the minimum-funding interest rate. *See GCIU*, 51 F.4th at 1098–1100.

2. We deny the City's request for attorney's fees and costs incurred in this appeal. Under ERISA, a court has discretion to award fees and costs to a prevailing party. 29 U.S.C. § 1451(e). To determine whether fees and costs are warranted, a court considers: "(1) the culpability or good faith of the opposing

party; (2) the ability of opposing party to pay the award fees; (3) the degree of deterrence which would result from an award of fees; (4) whether a number of participants under an ERISA plan would benefit from an award of fees; and (5) the relative merits of the parties' positions." *Cuyamaca Meats, Inc. v. San Diego & Imperial Cntys. Butchers' & Food Emps. Pension Tr. Fund*, 827 F.2d 491, 500 (9th Cir. 1987) (citation omitted).  In our discretion, we deny the request for fees and costs after consideration of the above factors.  In particular, the ability of the Plan to pay the fees and whether the Plan's participants would benefit from an award of fees militate against awarding fees and costs.  Our decision today will provide sufficient deterrent value.  We therefore exercise our discretion to deny the request.

**AFFIRMED.**